**Electronically Filed
Supreme Court
SCPW-22-0000375
20-JUN-2022
09:13 AM
Dkt. 4 ODDP**

SCPW-22-0000375

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

DENNIS VELASCO, Petitioner,

vs.

THE HONORABLE THOMAS A.K. HAIA,
Judge of the District Court of the First Circuit,
State of Hawaiʻi, Respondent Judge.

ORIGINAL PROCEEDING
(CASE NO. 1DRC-22-0001832)

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

Upon consideration of petitioner Dennis Velasco's petition for writ of mandamus, filed on June 6, 2022, and the record, petitioner has not demonstrated a clear and indisputable right to the requested relief and that he lacks alternative means to seek relief. Nor has petitioner shown that Judge Haia exceeded his jurisdiction, committed a flagrant and manifest abuse of discretion, or refused to act on a subject properly before the court under circumstances in which it has a legal duty to act. Petitioner may seek dismissal or other relief in the first district court, see District Court Rules of Civil Procedure (DCRCP) Rule 12, and may raise Judge Haia's order denying petitioner's request for a jury trial as an issue on appeal, see

Hawaiʻi Revised Statutes § 641-1(a).  The issuance of a writ of mandamus is not intended to supersede the legal discretionary authority of the lower court, nor is it meant to serve as a legal remedy in lieu of normal appellate procedure.  An extraordinary writ is thus not warranted.  See Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (explaining that a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action; such a writ is meant to restrain a judge who has exceeded the judge's jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which the judge has a legal duty to act).  Accordingly,

It is ordered that the petition for writ of mandamus is denied.

It is further ordered that the clerk of the appellate court shall process the petition for writ of mandamus without payment of the filing fee.

It is finally ordered that the clerk of the appellate court shall transfer the petition for writ of mandamus to the first district court to be filed as a motion under DCRCP Rule 12 in Case No. 1DRC-22-0001832.

DATED: Honolulu, Hawaiʻi, June 20, 2022.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins



2